UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MI WINDOWS AND DOORS, INC.,
PRODUCTS LIABILITY LITIGATION                          MDL No. 2333


### TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of New York *Hildebrand* action moves to centralize this litigation in the District of South Carolina. This litigation currently consists of five actions listed on Schedule A and pending in five districts.[1] Plaintiffs in five actions and one potential tag-along action support the motion. Defendant MI Windows and Doors, Inc. (MIWD) opposes the motion or, if the Panel deems centralization appropriate, suggests the Middle District of Pennsylvania as transferee district.

Plaintiffs in these actions allege that various windows manufactured by MIWD contain one or more defects that result in the loss of seal at the bead along the bottom of the glass, allowing water to enter the inside of the window and leak into structures owned by plaintiffs and putative class members. In opposing centralization, defendant argues *inter alia* that (1) the actions involve different models of windows that were manufactured at different times and are covered by different warranties; (2) plaintiffs' alleged injuries vary; (3) there are a small enough number of actions pending that informal coordination among counsel is feasible; and (4) all the pending actions should fail a Rule 12 motion to dismiss.

While the initial motion for centralization involved just five actions, the litigation has grown to eight actions pending in eight districts involving different counsel. Although the actions may involve different models of windows, we have often found centralization appropriate in products liability actions involving similar products manufactured by the same defendant where a common defect was alleged, even where the alleged injuries varied. *See, e.g., In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). Centralized proceedings will provide for the efficient conduct of discovery, particularly with respect to expert discovery, which will be common among the actions. Moreover, defendant acknowledges there will be Rule 12 issues that are common to all actions. Centralized proceedings will allow for streamlined briefing and consistent treatment of such issues.

---

[*]   Judge John G. Heyburn II took no part in the decision of this matter.

[1]   The parties have notified the Panel that three additional related actions are pending in the Northern District of Illinois, the Eastern District of Michigan, and the Eastern District of Pennsylvania. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

-2-

Consequently, on the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from the abovementioned defect in MIWD vinyl windows, which allegedly allows for the penetration of water. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of South Carolina is an appropriate transferee district for pretrial proceedings in this litigation. One of the earliest filed and most advanced actions is pending in that district, and Judge David C. Norton, an experienced transferee judge, is familiar with the litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer

IN RE: MI WINDOWS AND DOORS, INC.,
PRODUCTS LIABILITY LITIGATION                                MDL No. 2333

## SCHEDULE A

<u>Eastern District of New York</u>

Craig Hildebrand v. MI Windows and Doors, Inc., C.A. No. 2:11-05951

<u>Western District of North Carolina</u>

Joseph DeBlaker, et al. v. MI Windows and Doors, Inc., C.A. No. 3:10-00427

<u>Southern District of Ohio</u>

Manzoor Ahmad Wani, et al. v. MI Windows and Doors, Inc., C.A. No. 2:11-01086

<u>District of South Carolina</u>

Nadine Johnson v. MI Windows and Doors, Inc., C.A. No. 2:11-00167

<u>Eastern District of Wisconsin</u>

Mike Meifert, et al. v. MI Windows and Doors, Inc., C.A. No. 2:11-01108